**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOHN K. ADAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-593-MJR |
| | ) |
| **DONALD N. SNYDER, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

As previously noted in this action (*see* Doc. 16), this action requires a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

The claims in the action all involve Plaintiff's medical care while in custody of the Illinois Department of Corrections. His primarily medical complaint involves his left leg, knee and hip: due to a severe multiple fracture to that leg, as well as a degenerative bone condition, Plaintiff's left leg is approximately two inches shorter than his right. With this condition, he requires a special shoe, as well as a cane, to maintain proper spinal alignment. Beginning in November 1999, and through the filing of this action, Plaintiff alleges that each of the named Defendants has, on one or more occasions, acted with deliberate indifference to his medical needs with regard to this condition. The alleged actions of Defendants include denial of pain medication, denial of a cane, denial of a leg brace, denial of a shoe lift, and denial of physical therapy. Plaintiff also alleges that he suffers from an abdominal hernia, which has gone untreated by Defendants Osafo and Wexford.

>A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994);

> *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of this action at this point in time. *See* 28 U.S.C. § 1915A.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED this 2nd day of December, 2008.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**